# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 21, 2010

Lyle W. Cayce
Clerk

No. 09-20131

STANLEY ROSENBLATT

Plaintiff - Appellant

v.

UNITED WAY OF GREATER HOUSTON; UNITED WAY OF THE TEXAS GULF COAST CASH BALANCE PLAN; COMMITTEE OF THE UNITED WAY OF THE TEXAS GULF COAST CASH BALANCE PLAN

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, WIENER, and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Stanley Rosenblatt appeals the district court's dismissal of his lawsuit alleging claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*  For the reasons stated below, we AFFIRM the judgment of the district court in favor of defendants United Way of Greater Houston, United Way of the Texas Gulf Coast Cash Balance Plan, and Committee of the United Way of the Texas Gulf Coast Cash Balance Plan (collectively, "United Way").

No. 09-20131

**I**

Rosenblatt joined the staff of the Jewish Community Center ("JCC") in 1974, at the age of thirty-three, and continues to work there to this day. As a JCC employee, Rosenblatt became a participant in United Way's pension plan system (the "Plan") under which he earned a retirement annuity, payable to him after he reached his "normal retirement age" of sixty-five. The Plan was run as a traditional defined benefit plan, meaning that Rosenblatt accrued an increase in his annuity, based on a specified formula according to his length of service, that would be distributed to him on retirement.

In 1996, United Way amended the Plan in order to alleviate a large funding deficit, redefining it as a cash balance plan rather than a traditional defined benefit plan. Under the amended Plan, each participant's accrued benefit would be treated as a hypothetical cash balance as of a chosen date. After that date, the account balance would be increased by an "interest credit" (interest earned on a participant's account balance) and a "contribution credit" (a percentage of the participant's salary), as determined by the Plan's formula in accordance with its terms. The Plan also provided an early retirement benefit which would pay the sum of the benefit earned under the traditional defined benefit plan plus whatever subsequent contribution credits a participant earned, if he retired prior to age sixty-five. Rosenblatt's opening balance under the cash balance plan was a retirement annuity of $2833 per month, the amount of his accrued benefit under the former Plan as of December 31, 1995.

After switching to the cash balance Plan, United Way continued to send Rosenblatt a benefits statement indicating that interest credits and contribution credits were being added to his account. Under the terms of a cash balance plan, an "account" is notional and does not involve an actual cash deposit allocated to an employee. The credits in a participant's account reflect bookkeeping entries that track the growth of accrued benefits redeemable by the participant upon

2

retirement. However, ten years after United Way's switch to the cash balance plan, Rosenblatt discovered that he had not actually accrued any additional benefit since December 31, 1995.[1] The amended Plan ultimately failed to alleviate the costs and investment risks that precipitated the switch to a cash balance plan, and United Way froze all accruals currently in the pension system in 2004. Consequently, Rosenblatt's annuity was permanently frozen at $2833 per month.

Rosenblatt filed suit against United Way under ERISA, asserting, *inter alia*, that the net effect and intent of the plan conversion was to shift the burden of funding the Plan's deficit to older employees, like Rosenblatt, who had earned substantial benefits through longer service.[2] Rosenblatt also alleged errors in the actuarial computation of his benefit, reporting and disclosure violations, and violations of ERISA's anti-cutback rule. United Way moved to dismiss pursuant to FED. R. CIV. P. 12(b)(6). The district court granted the motions to dismiss. Rosenblatt subsequently filed a motion to alter or amend the judgment pursuant to FED. R. CIV. P. 59, seeking leave to amend his complaint. The district court denied this motion, and the instant appeal followed.

## II

On appeal, Rosenblatt argues only that the district court erred in dismissing his ERISA claims for actuarial errors, disclosure violations, and violation of the anti-cutback rule. He abandons his claim that the plan

---

[1] It is unclear to us exactly why United Way failed to back up its interest and contribution credits with actual payments. Rosenblatt alleges that these credits "were actually applied to the funding deficit, *i.e.*, to pay for a benefit he had already earned in 1995." United Way contends that this interpretation "demonstrates a complete lack of understanding of the nature of cash balance plans," but does not offer any reason, beyond United Way's general Plan funding shortfall, for why Rosenblatt's notional credits did not result in any benefit accrual from 1995 to 2005.

[2] Rosenblatt's complaint also alleged a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621(a)(1), (a)(2) & (f). The district court dismissed this claim and Rosenblatt does not appeal the dismissal.

conversion itself was discriminatory against older workers, in violation of ERISA § 204(b)(1)(H)(i), 29 U.S.C. § 1054(b)(1)(H)(i).

We review *de novo* a district court's dismissal for failure to state a claim under FED. R. CIV. P. 12(b)(6). *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). In considering whether dismissal was appropriate, we must accept as true all well-pleaded facts. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier*, 503 F.3d at 401 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Rosenblatt contends that the district court erroneously dismissed his claim for actuarial errors, directing us to Paragraph 21 of his complaint:

> (a) miscalculation of the social security wage base, (b) incorrect application of a pre-retirement mortality assumption, (c) use of an incorrect post-retirement mortality assumption, (d) a series of errors caused by failure to apply the Plan's definition of "Prior Plan Account," and a resulting error in the "interest credit" applied to Rosenblatt's account.

Rosenblatt claims that United Way's motion to dismiss makes no mention of these claims, nor does the district court's memorandum order discuss them in any detail.

We must note at the outset that of the twenty-two paragraphs of factual allegations in the complaint, *only* Paragraph 21 directed United Way and the court to the actuarial errors, disclosure violations, and violation of the anti-cutback rule that Rosenblatt now purports to assert. The rest of his complaint was geared toward his now-abandoned argument that the conversion of the Plan from a traditional defined benefit plan to a cash balance plan violated ERISA.

Rosenblatt himself acknowledges that an actuarial error in computing benefits must be brought under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), but Rosenblatt does not cite this ERISA provision among the numerous provisions in his "Claims" section.  Indeed, any mention of "actuarial error" in Rosenblatt's complaint appears to be directed toward supporting his claim that the cash benefit plan discriminates against workers on the basis of their age, a claim which five of our sister circuits have rejected, and which Rosenblatt concedes he has abandoned.  *See Hurlic v. S. Cal. Gas Co.*, 539 F.3d 1024 (9th Cir. 2008); *Hirt v. Equitable Ret. Plan for Employees, Managers & Agents*, 533 F.3d 102 (2d Cir. 2008); *Register v. PNC Fin. Servs. Group, Inc.*, 477 F.3d 56 (3d Cir. 2007); *Drutis v. Rand McNally & Co.*, 499 F.3d 608 (6th Cir. 2007); *Cooper v. IBM Pers. Pension Plan*, 457 F.3d 636, 639 (7th Cir. 2006).

In his pleading, Rosenblatt disclosed neither a claim of error nor how any errors affected his retirement benefits.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Rosenblatt cannot fault either United Way or the district court for failing to address a "claim" which he inadequately pled.

Rosenblatt also contends that the district court erroneously dismissed his claim for notice and disclosure violations.  Rosenblatt's complaint states in a conclusory fashion, "Defendants did not provide an appropriate notice of a reduction in benefit accruals."  Rosenblatt argues that he did not receive notice that the rate of his future benefit accruals would be zero, and that in fact he received information implying his benefits were increasing.  Pursuant to ERISA § 204(h), 29 U.S.C. § 1054(h), a pension plan may not be amended so as to reduce the rate of benefit accruals unless the administrator provides notice to each plan

5

participant.    However, while Rosenblatt alleges that he did not receive "appropriate notice" of a reduction in benefit accruals, he does not allege that he failed to receive *any* notice of a potential reduction, nor does he specify what an "appropriate notice" would have consisted of.  Rosenblatt also alleges that his statements "consistently conveyed the impression that benefits were being increased each year by contributions," but he does not specify *how* this "impression" was conveyed.  Indeed, nowhere in his complaint does Rosenblatt contend that United Way failed to provide him with *any* statements or notice of amendments to or potential reductions in his benefit accruals under the Plan.

Rosenblatt nevertheless contends that failure to disclose "wear-away" in a 204(h) notice is impermissible under ERISA.  *See Hurlic*, 539 F.3d at 1038–39.  However, nowhere in Rosenblatt's complaint does he even mention the term "wear-away," referring to a period of time during which a cash balance plan participant accrues benefits at a rate of zero percent because the cash balance formula benefits exceed the participant's pre-conversion formula benefits.  Without setting forth a factual basis for an allegation that he failed to receive notice of any potential zero-growth period in his benefit accrual, Rosenblatt fails to present a claim for a notice violation on these grounds.  Accordingly, the district court did not err in dismissing this claim.

Finally, Rosenblatt argues that the district court improperly dismissed his "cut-back" claim.  ERISA forbids reduction of an accrued benefit "on account of any increase in his age or service."  29 U.S.C. § 1054(b)(1)(G).  Rosenblatt contends that his accrued benefit *had* been larger, but had impermissibly been reduced as a result of his turning sixty-five years old.  Rosenblatt points to the summary judgment decision in *Humphrey v. United Way of the Texas Gulf Coast*, 590 F. Supp. 2d 837 (S.D. Tex. 2008), arguing that its holding required the instant Plan to change the method by which it calculated early retirement

benefits because Rosenblatt's benefits, as they currently stand, are less than the amount *Humphrey* mandates.

However, the holding in *Humphrey* concerned benefits available to employees *eligible* for early retirement, a class to which Rosenblatt does not belong: he has already passed the early retirement age of 65. *See id.* at 843 (excluding from the certified class of plaintiffs "active or former [Plan] Participants who accrued benefits under the two Plans but who are no longer eligible to elect an ERP [('Early Retirement Pension')]" and "Participants who have received either a Normal Retirement Pension or a Late Retirement Pension"). Rosenblatt argues that he need not have actually *taken* early retirement in order to assert his claim, and that *any* reduction in accrued benefits under ERISA is actionable. This argument is without merit: under the cash benefit plan, benefit accruals are illusory until the time they are claimed. Rosenblatt is without standing to contest a diminishment of his ERP once he is past the age to claim this benefit. The *Humphrey* court's explicit exclusion of plaintiffs similarly situated to Rosenblatt supports this conclusion. Thus, the holding in *Humphrey*, without anything else in support, does not suggest that Rosenblatt has a cause of action that he can assert regarding a diminished ERP on execution of the Plan. Furthermore, Rosenblatt's complaint does not indicate that his previously accrued benefits had diminished in any way, only that he had not received properly calculated benefit accruals *since* the conversion of the plan. Accordingly, Rosenblatt has not adequately stated a claim for relief on his "cutback" claim, and the district court did not err in dismissing his complaint for failure to state a claim.

### III

Rosenblatt argues that the district court erred by refusing to amend the judgment pursuant to FED. R. CIV. P. 59(e) to permit him to file an amended complaint emphasizing, *inter alia*, how the Plan's reduction in his accrued

benefit violates ERISA §§ 204(b)(1)(G) & (b)(1)(H), 29 U.S.C. §§ 1054(b)(1)(G) & (b)(1)(H). We review a denial of a Rule 59(e) motion for abuse of discretion. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). "[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Id.* (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

However, when the underlying action is dismissed with prejudice, we review the denial of the Rule 59(e) motion with "'the same considerations controlling the exercise of discretion under rule 15(a),'" which permits a plaintiff to amend the complaint with the permission of the district court. *Id.* (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Denial of a motion to amend is warranted for "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rosenblatt contends that there is no record evidence to support the district court's refusal to permit him to amend his complaint. He points out that he had not previously sought leave to amend and that his proposed amended complaint "simply eliminates the age discrimination claims and pleads additional factual details in support of the remaining ERISA claims." However, throughout the pendency of the motions to dismiss his case, Rosenblatt urged the sufficiency of his complaint and did not seek leave to amend, despite awareness of its potential deficiencies. His primary argument was that converting the Plan from a traditional defined benefit plan to a cash balance plan violated ERISA and the ADEA, an argument that the district court and numerous other courts of appeals

have rejected.  Rosenblatt's request *now* to amend, after his case has been dismissed on his now-abandoned conversion claim theory, "rings hollow in light of h[is] failure to amend h[is] complaint as a matter of right and h[is] failure to furnish the district court with a proposed amendment" while the motions to dismiss were pending.  *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997); *see also Babb v. Dorman*, 33 F.3d 472, 479 (5th Cir. 1994).

Furthermore,  "[i]n cases where a party seeks to amend [his] complaint after entry of judgment, we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling."  *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (internal quotation marks and citation omitted).  The facts Rosenblatt seeks to add to his complaint now were available to him previously and he has not shown any reason, other than a misguided attempt at strategy, why he failed to plead them before.  Indeed, Rosenblatt concedes as much in his brief, acknowledging that he "had been aware of some additional facts" at the time he pleaded his original complaint.  Accordingly, the district court did not abuse its discretion in denying Rosenblatt's motion to amend his complaint.

## IV

For the foregoing reasons, we AFFIRM.