# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 9, 2010

Lyle W. Cayce
Clerk

No. 10-50193

PUBLIC HEALTH EQUIPMENT & SUPPLY CO., INC.,

Plaintiff-Appellant

v.

CLARKE MOSQUITO CONTROL PRODUCTS, INC.;
CLARKE ENVIRONMENTAL MOSQUITO MANAGEMENT, INC.;
CLARKE ENGINEERING TECHNOLOGIES, INC.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-895-OLG

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant Public Health Equipment & Supply Co., Inc. ("Public") appeals the district court's order granting Appellees' Clarke Mosquito Control Products, Inc.'s, Clarke Environmental Mosquito Management, Inc.'s, and Clarke Engineering Technologies, Inc.'s (collectively "Clarke") 12(b)(6) motion to dismiss and denying Public's motion to amend. We reverse. Reviewing the second

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50193

denial of leave to amend is moot, but we reach it only to fault the magistrate judge's holding that the amendment would be futile.

In its original state court petition—the live pleading—Public alleges that it had an exclusive distribution agreement with Clarke to distribute Clarke's insecticides and equipment for the territory covering Arizona, New Mexico, Oklahoma, and Texas. Public added Mexico to its territory through an agency agreement with Flores Leal. Public alleges that Clarke deliberately cut Public out of the business in Mexico by dealing directly with Leal in violation of Public's exclusive distribution agreement with Clarke and interfering with Public's agency relationship with Leal. Public also alleges that Clarke made agreements jointly to pursue business with Public in (1) Jefferson County, Texas, and (2) Cameron, Willacy, and Hidalgo Counties. Despite Clarke's agreements to cooperate and share profits in these enterprises, Clarke used Public's contacts and introductions to procure these contracts for Clarke only.

Public originally filed suit in state court in Bexar County. It brought claims for (1) tortious interference with contracts and business relationships, (2) conspiracy, and (3) breach of contract. Clarke answered, counterclaimed, and removed the case predicated on diversity. On January 5, 2009, the district court entered a scheduling order requiring that amended pleadings be filed by March 23, 2009, and closing discovery on June 8, 2009. On January 16, 2009, Clarke filed its 12(b)(6) motion to dismiss. On February 6, 2009, Public responded and alternatively moved for leave to amend. Four months later, on June 5, 2009, the district court granted Clarke's motion to dismiss without addressing—and thereby implicitly denying—Public's motion for leave to amend.

On August 31, 2009, Public renewed its motion for leave to amend, attaching its proposed amended complaint. On November 6, 2009, the magistrate judge recommended denying Public's motion, and on December 3, 2009, the district court overruled Public's objections without comment and

No. 10-50193

adopted the magistrate judge's recommendation. After ruling on Clarke's counterclaim, the district court entered final judgment. This appeal followed.

We review a district court's dismissal under Rule 12(b)(6) *de novo*, accepting all well-pleaded facts as true. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). We must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in plaintiff's favor. *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Id.*

We review the district court's denial of a motion to amend for abuse of discretion. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 347 (5th Cir. 2008). Rule 15 governs motions to amend made before the expiration of a scheduling order's deadline and provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see Fahim*, 551 F.3d at 347. Post-deadline motions to amend are covered by Rule 16(b)'s more stringent requirements and "may be [granted] only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *Fahim*, 551 F.3d at 348.

The district court erred when it implicitly denied Public's first motion for leave to amend. "Denial of a motion to amend is warranted for undue delay, bad

3

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010) (internal quotation omitted). "We have held that a district court abuses its discretion, however, when it gives no reasons for denying a timely motion to amend, at least when the defendant would not be unduly prejudiced by the amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, ___ F.3d ___, 2010 WL 4276073, *6 (5th Cir. 2010).

This was Public's first motion to amend, made before the deadline to amend, so bad faith and/or dilatory motive is not an issue here. Moreover, Public's motion was not merely a bare request to amend appended to the end of a response to a motion to dismiss, but was instead clearly set out and titled in a section of its response. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Public laid out the grounds on which the amendment should be permitted, explaining that its state court petition was drafted to comply with Texas's lenient notice pleading standards and sought leave to replead, if necessary. Therefore, Public moved with sufficient clarity to allow the district court to determine whether to allow the amendment. The defendants would not have been prejudiced had the district court allowed the amendment at the time, because the plaintiff moved to amend fully four months before the close of discovery. Nor are we convinced that allowing the amendment would be futile.

First, in order for dismissal to be appropriate on the basis of a successful affirmative defense, that defense must appear on the face of the complaint. *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, N.A.*, 467 F.3d 466, 470 (5th Cir.2006). The district court granted Clarke's motion to dismiss because it found that the distributorship agreement was unenforceable under

No. 10-50193

the statute of frauds.[1]  The statute of frauds requires that agreements meeting certain criteria must be in writing.  The district court based its finding that the agreement violated the statute of frauds not on the face of the petition but on Clarke's motion to dismiss which argued that the agreement—if any—was oral. In its petition, Public alleged that it had an exclusive distribution agreement with Clarke.  The law does not require that plaintiffs plead affirmatively that a contract is written.  *Id.* ("[P]leadings need not identify every element of [a] claim, particularly where the contested elements relate to the affirmative defense of the statute of frauds.").  In order for an agreement to violate the statute of frauds on the face of the complaint, the plaintiff must indicate that the agreement is not written.  A court may not assume that every contract is oral absent allegations of a writing.  Absent an amendment alleging an oral contract—which the court could not anticipate—Public's motion to amend would not be futile based on the statute of frauds.

Second, Public's answer to Clarke's statute of frauds argument makes it clear that any determination regarding the validity of the contract would be a question of fact and thus not appropriate for dismissal on 12(b)(6).  In its response to the motion to dismiss, Public argued that the agreement was evidenced in multiple documents spanning the years of the agreement as allowed by the merchant's exception to the statute of frauds.  The UCC provides that writings confirming sales between merchants may serve to satisfy the statute of frauds.  TEX. BUS. & COM. CODE § 2.201(b).  While the question of whether a contract falls into the statute of frauds is a question of law, *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 149 (Tex. App.–Houston [1st Dist.] 2005, pet. denied), "[w]hether the circumstances of a particular case fall within an

---

[1] Texas courts have held that a distributorship is a contract for the sale of goods and therefore subject to the statute of frauds.  *See Con't Casing Corp. v. Siderca Corp.*, 38 S.W.3d 782, 788 (Tex. App.–Houston [14th Dist.] 2001, no pet.).

5

exception to the statute of frauds is generally a question of fact." *Adams v. Petrade Int'l*, 754 S.W.2d 696, 706 (Tex. App.–Houston [1st Dist.] 1988, writ denied).  So, even if Public amended and alleged that the contract met the statute of frauds under the merchant's exception, the district court could not have used Rule 12(b)(6) to make the determination regarding the enforceability of the agreement.  Therefore, allowing Public to amend would not have been futile.  Accordingly, the court erred when it implicitly denied Public's first motion for leave to amend.

The dismissal is reversed.  Because the first motion to amend should have been granted and it is now apparent that a plausible complaint can be filed, when that is done the court can move beyond the pleadings stage.

REVERSED and REMANDED.