**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 9, 2011

Lyle W. Cayce
Clerk

No. 10-60918
Summary Calendar

EXSO CHANDLER,

Plaintiff - Appellant

v.

ROBERT RONCOLI, Chief,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CV-523

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Exso Chandler, Mississippi prisoner # 47787, challenges the summary judgment awarded Police Chief Robert Roncoli on Chandler's claims under 42 U.S.C. § 1983 for false arrest and defamation. Chandler consented to proceed before the magistrate judge.

Chandler contends: summary judgment was inappropriate; and, the magistrate judge abused her discretion in denying his requests for discovery, leave to amend his complaint, and appointment of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A summary judgment is reviewed *de novo*. *E.g.*, *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 348 (5th Cir. 2007). "Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest." *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982). Chandler was arrested pursuant to a warrant based on the signed statement of Travis Lesh, who confessed to the burglary at issue and named Chandler as his co-conspirator. Chandler presented no evidence supporting his assertions that Lesh's statement was coerced and that Chief Roncoli acted maliciously toward him. Accordingly, Chief Roncoli was entitled to summary judgment on the false-arrest claim. FED. R. CIV. P. 56(a). Chandler has abandoned his defamation claim. FED. R. APP. P. 28(a)(9)(A).

As for Chandler's procedural contentions, first, he did not show his requested discovery was "likely to produce the facts needed" to withstand a summary-judgment motion. *Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1029-30 (5th Cir. 1983). Second, he did not state a claim against Police Captain Will Jones such that he should have been added as a defendant. *See, e.g., Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010) (may deny leave to amend complaint if amendment would be futile). Third, Chandler did not demonstrate the exceptional circumstances prerequisite to appointment of counsel in a § 1983 action. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). The case was not complex, and he adequately presented his claims. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). Although his ability to investigate was limited by his incarceration for selling cocaine, he presented nothing indicating his allegations had merit. *Id.* The magistrate judge did not abuse her discretion in denying these requests. *E.g.*, *Kadair*, 694 F.2d at 1024; *Rosenblatt*, 607 F.3d at 419; *Cupit*, 835 F.2d at 86.

AFFIRMED.