# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2012

No. 11-60441

Lyle W. Cayce
Clerk

FURNITURE AND ACCESSORY RETAIL GROUP, INCORPORATED; FURNITURE GROUP OF SAN DIEGO; EDWARD FISHAUF, Co-Trustee of the ERF Family Trust; ROSA FISHAUF, Co-Trustee of the ERF Family Trust; RICHARD HUFFMAN, Co-Trustee of the RK Huffman Trust; KAYLEEN HUFFMAN, Co-Trustee of the RK Huffman Trust,

Plaintiffs - Appellants,

v.

LANE FURNITURE INDUSTRIES, INCORPORATED,

Defendant - Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC 1:10-CV-213

Before STEWART, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Furniture Group of San Diego and its shareholders appeal the dismissal of their claims against Lane Furniture Industries for breach of contract and breach of the covenant of good faith and fair dealing. The district court dismissed the claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60441

Because the alleged misconduct does not violate the unambiguous contract, we AFFIRM.

I.

Appellee Lane Furniture Industries (Lane) is a Mississippi corporation that manufactures and sells furniture products. In March 2004, Lane entered into a "Lane Home Furnishings® Store Retailer Agreement" with Appellant Furniture Group of San Diego (Furniture Group).[1] The contract gave Furniture Group the right to open several Lane Home Furnishings Stores, which are retail stores dedicated to selling Lane brand products. Lane appointed Furniture Group "as the exclusive Lane Home Furnishings® Store retailer" in the defined geographical area.

The contract awarded Lane absolute discretion to change or even discontinue any of its product offerings. For example, under the heading "Conditions of Purchase":

> Lane may change, add to, discontinue or limit the availability of any Products without notice or liability to Retailer. Major changes in product availability are communicated at High Point Market. . . . Price, sales and distribution policies and terms and conditions of sale may be changed from time to time by Lane.

Similarly, the parties agreed that "Lane reserves the right to apply different sales policies to different trade areas, geographic markets and regions and to different product lines and to modify, at Lane's exclusive discretion, independently exercised, any existing policy or future sales policy."[2] Other provisions provided Lane the right to select the products displayed in Furniture

---

[1] The 2004 contract was between Lane and Economy Furniture Group of San Marcos. In 2005, Economy Furniture Group of San Marcos changed its name to Furniture Group of San Diego. The shareholders of Furniture Group are also parties in the appeal. This opinion will refer both to the shareholders and the company operating under either name as Furniture Group.

[2] Other provisions provided Lane the right to select the products displayed in Furniture Group's stores, as well as determine the pattern of distribution in each sales territory.

No. 11-60441

Group's stores, as well as determine the pattern of distribution in each sales territory.

Central to this dispute, the contract also included an attachment listing several service enhancements for Lane Home Furnishings Stores, including:

> Assortment: Each placement on the floor is based on best sellers. It must pull its own weight, or as a new item perform, in order to stay part of the assortment. Utilizing each amount of space and driving the return on investment, we have put the matrix together to key on each product category.

According to the complaint, which we take as true at this stage of the proceedings, Lane changed its corporate strategy in late 2007, shifting its focus from manufacturing high-end products to becoming a mass-market retailer. Pursuant to this new policy, Lane discontinued a number of products that had been successful in Furniture Group's stores because they were incompatible with the new mass-market approach. Instead, Lane offered Furniture Group lower-quality products unsuited to a dedicated store environment. Lane also sold its new products to large retailers like Costco.

Furniture Group sued Lane in federal district court, alleging breach of contract and the covenant of good faith and fair dealing. Furniture Group argued that Lane needed to supply "best sellers," and Lane's move to lower-quality products violated this obligation. The complaint also stated that Lane breached the contract by providing Lane products to non-Lane Home Furnishings Stores. Applying Mississippi law, the district court dismissed the case for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## II.

We review a district court's dismissal under Rule 12(b)(6) *de novo*. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). In doing so, we accept as true all well-pleaded facts. *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 417 (5th Cir. 2010).

No. 11-60441

On appeal, Furniture Group argues primarily that the contract's assortment provision—which says that floor placements are based "on best sellers"—imposed an obligation on Lane to continue providing products that performed well in Lane Home Furnishings Stores. However, this argument misreads the unambiguous contract. Indeed, Furniture Group agreed as a "Condition of Purchase" that Lane could "discontinue or limit the availability of any Products without notice or liability to [Furniture Group]." Furniture Group also granted Lane the ability to change any existing or future sales policy "at Lane's exclusive discretion, independently exercised." Having examined the entire contract, we agree with the district court that the contract granted Lane the sole discretion to make these decisions, and accordingly, Lane's failure to provide specific products cannot not constitute a breach of contract.[3]

Furniture Group also contends that the above conduct breached Lane's covenant of good faith and fair dealing. Under Mississippi law, however, a "breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness." *Cenac v. Murry*, 609 So. 2d 1257, 1272 (Miss. 1992). *See Limbert v. Miss. Univ. for Women Alumnae Assoc., Inc.*, 998 So. 2d 993, 998 (Miss. 2008) ("Bad faith has been defined by this Court as requiring a showing of more than bad judgment or negligence; rather, bad faith implies some conscious wrongdoing because of dishonest purpose or moral obliquity.") (internal quotation marks omitted). Lane cannot violate its covenant of good faith and fair dealing by taking actions authorized by the contract. *Limbert*, 998 So. 2d at 999. Consequently, Furniture Group fails to state a claim for a breach of the implied covenant of good faith and fair dealing.

Finally, Furniture Group argues Lane breached the contract by selling

---

[3] Because of this conclusion, we reject Furniture Group's related contention that the district court erred in its determination that the contract was unambiguous. We also reject the argument that Lane breached the contract by offering products from other manufacturers. Nothing in the contract prohibits Lane from providing additional manufacturers' products, and there is no allegation that Lane stopped selling Lane products to Furniture Group.

Lane products to large retailers like Costco within the geographical area. Although the contract appointed Furniture Group "the exclusive Lane Home Furnishings® Store retailer" in the given area, the contract does not give Furniture Group the exclusive right to sell Lane products in that area. Consequently, selling Lane products to non-Lane Home Furnishings Stores does not breach the contract.

For the foregoing reasons, the district court properly granted the motion to dismiss Furniture Group's claims. Having entered into this contract, Furniture Group cannot now complain about its unambiguous terms.

AFFIRMED.