# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30811
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 19, 2014

Lyle W. Cayce
Clerk

JUSTO E. ROQUE, JR.,

Plaintiff–Appellant,

v.

AT&T, INCORPORATED; AT&T TELECONFERENCE SERVICES; JUDY NEWSONE, AT&T Executive Appeals; STEPHEN SITTON; RANDALL L. STEPHENSON, AT&T's Incorporated Chairman Chief Executive Office/Headquarter; FREYA CHATELAIN, Legal Representative AT&T's; NATHAN PIERCE, Legal Representative Supervisor AT&T's,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-434

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Justo E. Roque, Jr., appeals the district court's dismissal of his complaint against AT&T Inc., AT&T Teleconference Services, and AT&T employees Judy Newsone, Stephen Sitton, Randall L. Stephenson,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30811

Freya Chatelain, and Nathan Pierce (collectively, Defendants–Appellees) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We affirm.

The dispute in this case arises out of Roque's inability to connect to a conference call hearing with the Louisiana Department of Children and Family Services (LDCFS) using AT&T's teleconference service, which resulted in the dismissal of his case before LDCFS. A generous reading of Roque's pro se complaint[1] is that he made multiple attempts to call in to the conference, was unable to do so due to neglect or other conduct attributable to AT&T, and that this caused him a loss of program benefits, emotional distress, and physical injuries.

This court reviews de novo a district court's dismissal for failure to state a claim.[2] We "accept as true all well-pleaded facts."[3] The complaint need not contain detailed factual allegations.[4] However, in order to survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level."[5]

Roque brought his claim against the defendants in federal district court pursuant to federal question jurisdiction under 28 U.S.C. § 1331, alleging violations of 47 U.S.C. § 225 and the Civil Rights Act of 1991. 47 U.S.C. § 225 seeks to ensure the availability of telecommunications services for hearing-

---

[1] *See, e.g.*, *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 465 (5th Cir. 2010) ("We are mindful that we must construe [plaintiff's] pro se complaint liberally.").

[2] *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 721 (5th Cir. 2013).

[3] *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 417 (5th Cir. 2010).

[4] *Id.*

[5] *Id.* (internal quotation marks omitted).

2

impaired and speech-impaired individuals.[6] The Civil Rights Act of 1991 is an amendment to the Civil Rights Act of 1964 passed to create additional remedies for discrimination and harassment in the workplace and to generally improve the scope and effectiveness of federal civil rights protections.[7]

As the district court noted in granting the defendants' 12(b)(6) motion to dismiss, Roque's complaint "contains no facts showing that defendants violated either [47 U.S.C. § 225] or the Civil Rights Act [of 1991]." Roque does not allege that AT&T's telecommunications service was unavailable to him because of a hearing or speech impairment, or that he even has such an impairment. Nor does he claim that he had an employment relationship with AT&T that might form the basis of an employment discrimination or harassment claim, or that his federal civil rights generally were violated by the defendants in any way. Because Roque has not alleged facts that, if proven true, could establish violations of 47 U.S.C. § 225 or the Civil Rights Acts of 1991 and entitle Roque to relief, he has failed to state a claim.[8] Therefore, the district court did not err in granting the defendants' Rule 12(b)(6) motion to dismiss on that ground.

\* \* \*

AFFIRMED.

---

[6] 47 U.S.C. § 225.

[7] *See* Civil Rights Act of 1991, Pub. L. No. 102-166, §§ 2-3, 105 Stat. 1071, 1071 (1991).

[8] *See* FED. R. CIV. P. 8(a)(2) (requiring that a complaint contain "a short and plain statement of the claim *showing that the pleader is entitled to relief*" (emphasis added)).