# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30261
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2017

Lyle W. Cayce
Clerk

ALVIN KIE; PECOLA KIE,

      Plaintiffs - Appellants

v.

TORY WILLIAMS; WERNER ENTERPRISES, INCORPORATED,

      Defendants - Appellees

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:15-CV-2304

---

Before REAVLEY, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:*

    This action concerns a June 4, 2014, automobile collision near the intersection of U.S. Highway 80 and Louisiana Highway 17 in Richland Parish, Louisiana. Plaintiffs-Appellants Alvin Kie and his wife, Pecola Kie, alleged that Mr. Kie was stopped at a red light at that intersection in his pickup truck waiting to make a left-hand turn when Defendant-Appellee Troy Williams—

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30261

who was driving an eighteen-wheel tractor-trailer owned by his employer, Defendant-Appellee Werner Enterprises, Inc.—negligently changed lanes and struck his vehicle. The Defendants contended that Williams maintained control of his vehicle in his lane and that the accident was due to Mr. Kie failing to keep his own vehicle in his own lane. After a five-day trial, a jury ultimately disagreed with the Kies' allegations and found that Williams was faultless in the collision. The Kies then filed a motion to alter or amend the judgment and a motion for a new trial, which the district court denied. The Kies appeal both the judgment and the denial of the post-judgment motions. We affirm.

## I

The Kies' first argument in favor of reversal is that the jury's verdict was against the overwhelming weight of the evidence. "Although neither party provides the applicable standard of review for this issue, we must apply the appropriate legal standard of review . . . ." *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 995 n.4 (5th Cir. 2008); *see also United States v. Vontsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992) (en banc). When a case is tried to a jury, a challenge to the sufficiency of the evidence must be raised in a Federal Rule of Civil Procedure 50(a) motion for judgment as a matter of law before the case is submitted to the jury. *Seibert v. Jackson County*, 851 F.3d 430, 434–35 (5th Cir. 2017). When a party fails to raise a Rule 50 motion, "we consider the sufficiency of the evidence under a plain error standard, reversing 'only if the judgment complained of results in a manifest miscarriage of justice.'" *Stover*, 549 F.3d at 995 (footnote and internal quotation marks omitted) (quoting *United States ex rel. Wallace v. Flintco, Inc.*, 143 F.3d 955, 963–64 (5th Cir. 1998)).

Our review of the record reveals that while the Kies moved for judgment as a matter of law at the close of evidence on two of the Defendants' affirmative defenses, they failed to move on the issue of the sufficiency of the evidence before the case was submitted to the jury. As a result, we must consider the Kies'

challenge to the sufficiency of the evidence under the plain error standard. *See Dilworth v. Cont'l Constr. Co.*, 282 F. App'x 330, 333 (5th Cir. 2008) (per curiam). "On plain error review 'the question before this Court is not whether there was substantial evidence to support the jury verdict, but whether there was **any** evidence to support the jury verdict.'" *Stover*, 549 F.3d at 995 (quoting *McCann v. Tex. City Ref'g, Inc.*, 984 F.2d 667, 673 (5th Cir. 1993)). "If **any** evidence supports the jury verdict, the verdict will be upheld." *Id.* (quoting *Flintco, Inc.*, 143 F.3d at 964).

We need look no further for that evidence than the testimony of the accident's investigating officer, Derrick Whitney. Officer Whitney, who is trained in accident reconstruction, testified that he has investigated hundreds of accidents during his approximately fifteen-year career as a police officer. Officer Whitney arrived at the scene of the accident one minute after receiving the call and remained there until the end of his investigation. He looked for witnesses when he arrived but saw none, and no witnesses contacted him either during his investigation or thereafter, including the purported eyewitnesses proffered by the Kies.

Officer Whitney obtained written statements from Mr. Kie, Williams, Undra Sharp (Mr. Kie's passenger), and Tommy Morgan (Williams's supervisor and the passenger in the tractor-trailer). He took photographs of the two vehicles and the scene of the accident.

The statement Officer Whitney took from Mr. Kie reflected that the initial point of impact was with the pickup truck's right side-view mirror. Officer Whitney testified that he observed that the mirror of Mr. Kie's pickup truck was folded in towards the door, a fact consistent with the indication that the pickup truck was, at the time of the collision, moving forward at a rate faster than that of the tractor-trailer. He photographed scuff marks on the side of the Defendants' truck which matched the height of Mr. Kie's side-view mirror, but

he saw no scraping along the side of Mr. Kie's vehicle. And he testified that he saw taillight debris from Mr. Kie's pickup truck between the right and left lanes of U.S. Highway 80 in front of the intersection's white stop line.

Officer Whitney's testimony bolsters the Defendants' theory that Mr. Kie crossed into Williams's lane, traveling at a rate faster than Williams's rate of travel at the moment of impact. This testimony is evidence that supports the jury's verdict that Williams was not at fault. Thus, the district court did not plainly err in entering judgment consistent with that verdict.

## II

Next, we generally review a decision on a motion to alter or amend judgment for abuse of discretion. *Lake Eugenie Land & Dev., Inc. v. BP Exploration & Prod., Inc.* (*In re Deepwater Horizon*), 824 F.3d 571, 577 (5th Cir. 2016) (per curiam). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Maxmed Healthcare, Inc. v. Price*, 860 F.3d 335, 340 (5th Cir. 2017) (internal punctuation marks omitted) (quoting *Rosenblatt v. United Way*, 607 F.3d 413, 419 (5th Cir. 2010)).

The Kies' motion establishes none of these grounds. It seeks merely to re-raise and rehash the Kies' own interpretation of the evidence—an interpretation that had already been considered, and rejected, by the jury. As such, the district court did not abuse its discretion in denying the motion.

## III

Finally, we review the denial of a motion for a new trial for abuse of discretion. *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 472 (5th Cir. 2015). "The district court abuses its discretion by denying a new trial only when there is an absolute absence of evidence to support the jury's verdict." *Streamline*

No. 17-30261

*Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 450 (5th Cir. 2017) (citation and internal quotation marks omitted). Applying this standard, the district court's denial of the Kies' motion for new trial must be upheld, because we have already found that there was evidence to support the jury's verdict.

\* \* \*

Based on the foregoing, we AFFIRM the judgment of the district court.