# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2020

No. 19-30994
Summary Calendar

Lyle W. Cayce
Clerk

KENYON J. GARRETT,

　　　Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

　　　Defendant - Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CV-784

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Kenyon Garrett appeals the denial of his motions to amend or alter the judgment dismissing his claims. For the following reasons, we AFFIRM the district court.

Garrett sued the United States for medical negligence and the failure to obtain informed consent arising from his father's treatment at

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30994

the Overton Brooks VA Medical Center. The district court dismissed Garrett's claims on summary judgment, which we affirmed. *Garrett v. United States*, 776 F. App'x 882 (5th Cir. 2019). After receiving the judgment from this court, Garrett filed several motions under Federal Rules of Civil Procedure 59 and 60 seeking to amend, alter, or obtain relief from the district court's judgment dismissing his case, all of which the district court denied.

This court reviews the denial of motions under Rules 59(e) and 60 for abuse of discretion. *Rosenblatt v. United Way of Greater Hous.,* 607 F.3d 413, 419 (5th Cir. 2010); *Frazar v. Ladd,* 457 F.3d 432, 435 (5th Cir. 2006). A district court abuses its discretion if it "bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Kennedy v. Tex. Utilities,* 179 F.3d 258, 265 (5th Cir. 1999).

Garrett contends that the district court erred in denying his Rule 59(e) motion. That rule allows a party to move to alter or amend a final judgment within twenty-eight days of its entry. FED. R. CIV. P. 59(e). The district court did not err in denying Garrett's Rule 59(e) motion because it was filed on November 19, 2019, nine months after the judgment was issued on February 19, 2019.

Garrett also contends that the district court erred in denying his motions under Rule 60(b)(3) to grant relief from the judgment dismissing his case because of misconduct by the opposing attorney. "A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling v. CSX Transp., Inc.,* 396 F.3d 632, 641 (5th Cir. 2005). "The moving party has

2

the burden of proving the misconduct by clear and convincing evidence." *Id.*

Garrett claims that the Government's attorney prevented him from submitting evidence to the court by improperly threatening Garrett with sanctions and arrest. Opposing counsel's statements appear to be in response to Garrett's accusation that the Government was falsifying evidence and misplacing discovery that Garrett had provided. The specific statements that Garrett objects to are:

(1)     "If you have proof, bring it forward in the same manner that an attorney would be required to do so. I do not want to have to seek sanction or penalty but I will do so if you do not cease with the disparaging remarks and baseless allegations."

(2)     "I can, of course, get the court involved if you keep trying to make this mater into something criminal when it clearly is not."

(3)     "If I cannot locate the exhibits despite an exhaustive search, there is a problem."

The district court did not abuse its discretion in finding no misconduct in those statements. Furthermore, Garrett fails to meet his Rule 60(b)(3) burden because he does not identify the evidence that he would have submitted absent the supposed misconduct.[1]

Garrett also maintains that the district court erred in denying his motions under Rule 60(b)(1) to correct its ruling declining to accept

---

[1] Garrett need not show that the evidence would have altered the outcome of the case but must show that he was "prevented . . . from fully and fairly presenting his case." *Hesling*, 396 F.3d at 641.

Garrett's own testimony as an expert witness with respect to the malpractice of "non-medical employees." Rule 60(b)(1) allows for relief from a judgment due to "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). This court has already held that the district court did not abuse its discretion in refusing to allow Garrett to testify as his own expert. *Garrett*, 776 F. App'x at 883. To the extent that Garrett raises a new issue with respect to "non-medical employees," he fails to identify a mistake or error. The district court denied Garrett's motions for relief on this issue because Garrett failed to present any of his own purported expert opinions in the form of competent summary judgment evidence. *See* FED. R. CIV. P. 56(c). The record confirms that the district court did not abuse its discretion in that assessment.

Garrett further insists that the district court erred in denying his motions under Rule 60(b)(2) to submit new evidence. Rule 60(b)(2) allows relief from a judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2). To succeed on a Rule 60(b)(2) motion, the "movant must demonstrate: (1) that [he] exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003).

Garrett seeks to submit recordings of conversations that he had with the Government's employees in which they allegedly admit that some treatments listed in Garrett's father's medical records were not actually delivered. Setting aside the issue of due diligence, Garrett fails

to show that the recordings "clearly would have produced a different result." One ground on which the district court dismissed Garrett's claims on summary judgment was the lack of any expert testimony that the alleged medical malpractice caused his father's injuries. That conclusion was sufficient to deny Garrett's motion, and Garrett has not shown that the additional recording would change it. The district court, therefore, did not abuse its discretion in denying Garrett's motions under Rule 60(b)(2).

Garrett's claims under Rule 60(b)(6) also fail. The bases for relief discussed above under other Rule 60(b) sections cannot also support a Rule 60(b)(6) claim, as the subsections are mutually exclusive. *See Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002). And the district court committed no error by denying Garrett's motions before receiving an opposition from the Government because "the court is not required to grant every unopposed motion." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

The judgement of the district court is AFFIRMED.