COREGIS INSURANCE COMPANY, F/K/A Mt. Airy Insurance Company

v.

Roland Scott LYFORD and Mills, Shirley, Eckel & Bassett, L.L.P.

No. CIV. A. G–98–103.

United States District Court, S.D. Texas, Galveston Division.

Dec. 18, 1998.

William Cornelius, Wilson Sheehy Knowles Robertson & Cornelius, Tyler, Jeffrey A. Goldwater, Bollinger Ruberry & Garvey, Chicago, IL, Monica Fitzgerald Oathout, Schwartz Junell et al., Houston, for Coregis Insurance Company aka Mt. Airy Insurance Company.

James Richard Watkins, Royston Rayzor, et al., Galveston, Carl R. Roth, Attorney at Law, Marshall, Alton C. Todd, Attorney at Law, Alvin, TX, Walter Thomas Henson, Attorney at Law, Tyler, TX, for Roland Scott Lyford, Mills, Shirley, Eckel & Bassett, L.L.P.

*ORDER DENYING DEFENDANT MILLS, SHIRLEY'S MOTION TO VACATE FINAL JUDGMENT*

KENT, District Judge.

In this Declaratory Judgment Action, Plaintiff Coregis Insurance Company sued Defendants Mills, Shirley, Eckel & Bassett, L.L.P. ("Mills, Shirley") and Roland Scott Lyford ("Lyford") seeking a judgment declaring that it owed no duties of indemnity or defense to either Defendant in two lawsuits pending in the United States District Court for the Eastern District of Texas. After considering Motions and Cross–Motions for Summary Judgment from all parties, this Court held that Plaintiff owed no such duty and entered a Final Judgment to that effect. Now before the Court is Defendant Mills, Shirley's Motion to Vacate of November 12, 1998. For the reasons set forth below, Defendant Mills, Shirley's Motion is **DENIED**.

## I. ANALYSIS

Under Fed.R.Civ.P. 59, a party may file a motion to alter or amend a judgment. However, the purpose of such motions is to allow a party " 'to correct manifest errors of law or fact or to present newly discovered evidence.' " *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (quoting *Keene Corp. v. International Fidelity Insurance Co.*, 561 F.Supp. 656, 665 (N.D.Ill.1982). In the present case, Defendant Mills, Shirley is simply asking the Court to consider an entirely new argument that it did not make at the summary judgment stage of these proceedings. The argument that Defendant Mills, Shirley asks the Court to consider is that Defendant Lyford was not an insured under the policy at dispute and that as a consequence Plaintiff owes Defendant Mills, Shirley the duty to defend and indemnify. However, Defendant Mills, Shirley had *two* opportunities to raise that argument 'at the summary judgment stage and took advantage of neither. Moreover, it offers no explanation now as to why it failed to do so.

In its Response to Plaintiff's Motion for Summary Judgment, Defendant Mills,

Shirley made several vigorous arguments that the insurance policy did not obviate Plaintiff's duties but never anywhere argued that Defendant Lyford was not an insured under the policy.[1] More troubling, in its own Motion for Summary Judgment, Defendant Mills, Shirley stated that *"Mills, Shirley does not contend that Mr. Lyford was not an Insured under the Policy,* but vigorously denies that it had any control over Mr. Lyford's work as a Special Prosecutor" (emphasis added). Arguing now that in fact Defendant Lyford was not an Insured does not qualify as either manifest error of law or fact or newly discovered evidence.[2] Moreover, the United States Court of Appeals for the Fifth Circuit has instructed that Rule 59 Motions " 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.' " *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990) (quoting *Federal Deposit Insurance Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986)). Accordingly, the Court cannot agree with Defendant Mills, Shirley's argument that it should vacate its Judgment in this case.

The Court recognizes the prominent and well-deserved place occupied in the legal community by Defendant Mills, Shirley, which has been in existence in Galveston for more than a century. The Court also has high personal regard for several members of Defendant Mills, Shirley and painfully understands the hardship they face in being essentially self-insured now for the purposes of the litigation against their firm and Defendant Lyford. Nevertheless, those factors do not allow the Court to overturn its Judgment. The Court is aware that every order it issues has profound real-life consequences for the parties involved. That awareness cannot alter the Court's duty to fairly and impartially apply controlling law to the facts as the Court understands them. To do otherwise would constitute not only a disservice to these and to all litigants, but more, an inexcusable abrogation of this Court's Constitutional mandate. As Defendant Mills, Shirley has offered no compelling, previously unavailable evidence or cited any mistakes of law or fact in this Court's earlier Judgment, with continuing empathy, its Motion to Vacate Judgment is **DENIED.**

## II.CONCLUSION

For the reasons stated above, Defendant Mills, Shirley's Motion to Vacate Final Judgment is **DENIED.** The parties are **ORDERED** to bear their own taxable costs and expenses occurred herein to date. The parties are also **ORDERED** to file *no* further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a *compelling* showing of new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**

---

1. This omission was in spite of the section of Plaintiff's Motion for Summary Judgment titled "There Is No Dispute That Lyford Is An Insured Under The Policy." In that section, Plaintiff offered two pieces of evidence in support of that conclusion. First, Plaintiff identified Defendant Lyford's answer to an interrogatory: "At the time of the appointment and throughout my service on behalf of Upshur County, I was an employee of Mills, Shirley, Eckel & Bassett, employed in the capacity as an Associate Attorney with the Firm." Second, Plaintiff cited Defendant Mills, Shirley's admission that the firm was being compensated for Lyford's time. According to the Plaintiff's Second Amended Complaint in one of the underlying lawsuits, Defendant Mills, Shirley had billed Upshur County more than $54,000 by 1994 for Lyford's time. *See Brown v. Lyford, et al.,* 6:94 CV 491 (E.D.Tex.), Plaintiff's Second Amended Original Complaint at 9. In light of the nature of Plaintiff's Motion in this case and the evidence it offered in that motion, the Court finds it puzzling that Defendant Mills, Shirley chose not to contest the assertion that Defendant Lyford was an Insured if it truly believed he was not, and to belatedly attempt to do so now seems remarkably disingenuous.

2. Because such contention starkly contradicts Defendant Mills, Shirley's prior stance, the Court must conclude that on one occasion or the other, such Defendant was blatantly misstating the facts.