**Noor Begum KARIM, et al.**

v.

**FINCH SHIPPING COMPANY, et al.**

**No. CIV. A. 95–4169.**

United States District Court,
E.D. Louisiana.

May 23, 2000.

Paul C. Miniclier, Law Office of Paul C. Miniclier, New Orleans, LA, Priscilla M. Schwartz, Metairie, LA, for plaintiffs.

James A. Cobb, Jr., Randolph J. Waits, John F. Emmett, Emmett, Cobb, Waits, Kessenich & O'Neil, New Orleans, LA, for defendant Finch Shipping Co., Ltd.

David James Motter, Capella Law Firm, Metairie, LA, for movant Mac Rahman.

Andrew Struben, deKlerk, Joseph Dwight Lablanc, III, Frilot, Patridge, Kohnke & Clements, LC, New Orleans, LA, for Alpina Ship Management APS.

Thomas H. Kingsmill, III, Alanson Trigg Chenault, Rice, Fowler, Kingsmill, Vance Flint & Rodriguez, New Orleans, LA, Woody Falgoust, Thibodaux, LA, for

third–party defendant Barwil Agencies (N.A.) Ltd.

Thomas M. Richard, Jamie M. Bankston, Chopin, Wagar, Cole, Richard, Reboul & Kutcher, LLP, Mandeville, LA, for Third–party defendant BPE, Inc.

FALLON, District Judge.

Before the Court are two motions by plaintiff Fazal Karim for new trial and/or reconsideration and/or amendment of judgment regarding: 1) the Court's April 14, 2000 Findings of Fact and Conclusions of Law and Judgment, and 2) the Court's May 2, 2000 minute entry permitting defendant Finch Shipping Co. to reduce its ad interim stipulation. For the following reasons, plaintiff's motions for new trial and/or reconsideration and/or amendment of judgments are DENIED.

On April 14, 2000, this Court issued its Findings of Fact and Conclusions of Law in the above captioned matter and rendered a Judgment awarding the plaintiff damages for past and future wages, past and future medical expenses, general damages, litigation costs including attorneys fees, and prejudgment interest. On April 28, 2000, the plaintiff filed a motion for new trial and/or reconsideration or, in the alternative, amendment of judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure.

On May 2, 2000, this Court granted the defendant's motion to reduce its ad interim stipulation. The plaintiff filed an additional motion for new trial and/or reconsideration and amendment of judgment on May 9, 2000 challenging the Court's order reducing the defendant's ad interim stipulation.

A district court has considerable discretion in deciding whether to grant a motion under Rule 59. *See Edward H. Bohlin Co., Inc. v. The Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir.1993). Rule 59 motions have been granted when the movant shows:

(1) that the judgment is based upon a manifest error of fact or law;

(2) the existence of newly discovered or previously unavailable evidence;

(3) manifest injustice would otherwise result; or

(4) in intervening change in controlling law occurred.

*Id.* The need for justice generally favors a Rule 59 motion only when the moving party demonstrates a mistake of law or fact or presents newly discovered evidence that was previously unavailable. *See Stephens v. Witco Corp.*, 1998 WL 426214, at *1 (E.D.La. July 24, 1998). Rule 59 should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990); *Campbell v. St. Tammany Parish School Board*, No. 98–2605, 1999 WL 777720, at *1 (E.D.La. Sept.29, 1999). A motion for new trial pursuant to Rule 59 is an extraordinary remedy that should be used sparingly. *See Avondale Industries, Inc. v. Board of Commissioners of the Port of New Orleans*, No. 94–2786, 1996 WL 413645, at *2 (E.D.La. Jul.24, 1996).

With respect to both motions for new trial and/or reconsideration or amendment of judgment, the plaintiff resubmits arguments he previously presented in his opposition briefs and at trial. The plaintiff cites several areas of disagreement with the Court's Findings of Fact and Conclusions of Law and also disputes the Court's reasons for reducing the defendant's ad interim stipulation. What the plaintiff does not identify, however, is a recognized ground for relief under Rule 59. The plaintiff fails to demonstrate a manifest error of fact or law, newly discovered or previously unavailable evidence, manifest injustice, or an intervening change in controlling law. Because mere disagreement with either the Court's April 14, 2000 Findings of Fact and Conclusions of Law or the Court's May 2, 2000 order granting a reduction in the defendant's ad interim

stipulation does not justify relief under Rule 59, plaintiff's motions for new trial and/or reconsideration or amendment of judgment must be denied.