# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 14-20630

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2015

Lyle W. Cayce
Clerk

JOINT HEIRS FELLOWSHIP CHURCH; HOUSTON'S FIRST CHURCH OF GOD; FAITH OUTREACH INTERNATIONAL CENTER,

>      Plaintiffs - Appellants

v.

HUGH C. AKIN; TOM HARRISON; JIM CLANCY; PAUL W. HOBBY; BOB LONG; WILHELMINA DELCO; TOM RAMSAY; CHASE UNTERMEYER; NATALIA ASHLEY, In Her Official Capacity As Executive Director Of The Texas Ethics Commission,

>      Defendants - Appellees

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-125

———————

Before JONES, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Three churches sued the executive director and members of the Texas Ethics Commission, in their official capacities, challenging the constitutionality of eight provisions of the Texas Election Code. The churches

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20630

sought declaratory and injunctive relief. The district court dismissed the churches' claims regarding three provisions for lack of standing and granted summary judgment for the defendants on the other five provisions. In this appeal, the churches challenge only the district court's determination that they lacked standing to challenge Sections 253.094(b) and 253.096. We AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

Joint Heirs Fellowship Church and Houston's First Church of God are incorporated churches in Houston, Texas. Faith Outreach International Center is an incorporated church in San Antonio, Texas. All three churches desire to become involved in efforts to recall elected officials in Houston and San Antonio who supported city ordinances that are contrary to the churches' religious beliefs and which they believe violate freedom of religion and speech.

Before initiating any efforts to support the recall election, the churches filed suit against the Texas Ethics Commission, the entity charged with enforcing the Texas Election Code. TEX. GOV'T. CODE ANN. § 571.061(a)(3). The churches challenged the constitutionality of eight provisions of the Election Code, which can be grouped into three categories: (1) Sections 253.094(a), 253.094(b), and 253.096, governing corporate contributions to political committees generally and in the context of recall elections and other measures; (2) Section 251.001 generally, its subsection (12), and Section 253.031(b), defining "political committee" and requiring appointment of a treasurer; and (3) Sections 251.001(2) and 251.001(6), defining "contribution" and "expenditure."

The churches claimed that these provisions prevented them from engaging in the following recall efforts:

    (a) Circulating recall petitions,
    (b) Submitting recall petitions,

2

No. 14-20630

(c) Obtaining signatures and support for recall petitions or in opposition to recall petitions,

(d) Promoting recall efforts in communications to the public, including but not limited to the posting of information on the Plaintiffs' websites, church communications, bulletins, in the media, in interviews, and in other communications,

(e) Encouraging others to circulate, support, or oppose recall petitions,

(f) Utilizing or providing facilities, equipment, supplies, or personnel to assist in the signing and circulation of recall petitions and in connection with recall petitions,

(g) Notifying the public that recall petitions are available for signing at their churches or other locations,

(h) Raising and spending funds in support of recall petitions or in opposition to recall petitions,

(i) Sending out emails and other communications to church members and to the public encouraging them to get involved in matters regarding recall petitions, including, without limitation, circulating and signing recall petitions,

(j) Speaking from the pulpit and other venues in support of or in opposition to recall efforts,

(k) Coordinat[ing] with the two other Plaintiff churches in this matter, and with other individuals and organizations, for the principal purpose of circulating and submitting recall petitions and otherwise advocating recalls, including through the raising and spending of funds, and the other actions mentioned above,

(l) Contribut[ing] funds from their regular budget to support the recall or other measures-only efforts. Also, when raising funds for a recall effort or a measures-only effort, they intend to inform potential contributors that the funds will be used in connection with the recall effort or measures-only effort,

(m) Doing any of the above activities in connection with a measures-only issue in addition to recall petition matters.

Both sides filed motions for summary judgment. The Commission primarily argued that the churches lacked standing to bring their claims. In the Commission's view, the churches could not show that any of their activities were prohibited by the Commission's enforcement of the Texas Election Code in light of this court's precedent. The churches, though, argued that the text of this Code prohibits their activities, giving them standing, and that they were

3

entitled to summary judgment on the unconstitutionality of the Code provisions under precedent from our circuit and the Supreme Court.

The district court dismissed the churches' challenges to Sections 253.094(a), 253.094(b), and 253.096 for lack of standing and granted summary judgment to the Commission on the remainder of the provisions the churches challenged. On appeal, the churches do not challenge any part of the district court's decision other than its conclusion that they had no standing regarding Sections 253.094(b) and 253.096.

## DISCUSSION

"As a jurisdictional matter, standing is a question of law that we review *de novo*." *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 721 (5th Cir. 2007). "The requirement that a claimant have standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *National Fed'n of the Blind of Tex., Inc. v. Abbott*, 647 F.3d 202, 208 (5th Cir. 2011) (quotation marks omitted). To establish a case or controversy under Article III, a plaintiff must show: (1) he has "suffered an injury in fact"; (2) the injury is "fairly traceable" to the actions of the defendant; and (3) the injury will likely be redressed by a favorable ruling. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The injury in fact must be "actual or imminent, not conjectural or hypothetical." *Id.* at 560. (quotation marks omitted). In a case of pre-enforcement review, such as this one, there is injury in fact "[w]hen the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution." *Babbitt v. United Farm Workers Nat'l. Union*, 442 U.S. 289, 298 (1979). The churches have the burden to show standing. *National Fed'n of the Blind*, 647 F.3d at 209.

4

No. 14-20630

The central question before us is whether the churches have shown a credible threat that the Commission will enforce either Section 253.094(b) or Section 253.096. We will consider the churches' standing as to each section.

I.     *Section 253.094(b)*

Section 253.094(b) states: "A corporation or labor organization may not make a political contribution in connection with a recall election, including the circulation and submission of a petition to call an election." TEX. ELEC. CODE ANN. § 253.094(b).

The churches claim their proposed activities violate this provision. We can dismiss one concern quickly: Any proposed activities that are conducted by one church independently of another, such as one pastor's speaking from the pulpit or one church's emailing its members, are expenditures and not subject to Section 253.094(b), which regulates contributions. *Id.* § 251.001(3), (7), (8).

As for the churches' intention to coordinate with one another to support recall efforts, the district court held that such coordination would cause them to be deemed a political committee. *See id.* § 251.001(12). The churches did not appeal the district court's determination that they would be deemed a political committee or that the statutory requirements that thereby apply are constitutional. *See id.* §§ 252.001, 253.031(b). We do not review those unchallenged holdings.

Because the churches' joint efforts make them a political committee, their spending funds in support of those efforts to recall elected officials qualifies as a "political contribution." That is because a "political contribution" includes a "contribution," the latter being defined as "a direct or indirect transfer of money, goods, services, or any other thing of value," to a political committee in support of a recall election. *See id.* § 251.001(2), (3), (5), (19) (relevant definitions). Therefore, when the churches spend funds in their joint effort to support recall efforts, they are making a "political contribution"

5

because they are giving money or a thing of value to their deemed political committee for use in support of the recall measure. As the churches point out, "political contributions" by corporations in recall elections appear to be prohibited by Section 253.094(b).

Despite this statutory language, the Commission has consistently taken the position, as asserted in its appellate brief, that in light of our precedent, it cannot and does not enforce Section 253.094(b) "to prohibit Plaintiffs, or any other corporation in Texas, from making 'political contributions' to entities registered as direct-campaign-expenditure-only political committees." Such a committee does not "use its political contributions to make political contributions to any candidate for elective office, officeholder, or political committee that makes a political contribution to a candidate or officeholder." 1 TEX. ADMIN. CODE ANN. § 22.5.

In the earlier of our decisions that guide the Commission in this area, both of which interpreted Section 253.094(a), we joined three other circuits in holding that corporations cannot be banned or limited from contributing to wholly independent political committees. *See Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535, 537–38 (5th Cir. 2013). A corporation's contribution to a wholly independent political committee, just like a corporation's independent advocacy on its own behalf, does not threaten the state's interest in combating apparent or actual corruption. *Id.* In a subsequent decision, we held that Texas can constitutionally ban corporate contributions to political committees that engage in independent expenditures and also contribute to candidates. *See Catholic Leadership Coal. of Tex. v. Reisman*, 764 F.3d 409, 444–45 (5th Cir. 2014). These decisions restrain the Commission's enforcement of the Election Code. There is no evidence that the Commission is failing to apply our interpretations. Indeed, the Commission has consistently stated that the churches do not violate the Election Code if

their proposed activities are wholly independent from a candidate, officeholder, or committee that contributes to a candidate or officeholder.

The churches still argue that they are not in the clear from possible Commission enforcement action. They make broad assertions that they intend to coordinate with other individuals and organizations interested in supporting the recall effort. Such coordination, the churches argue, might be deemed contributions to committees that contribute to candidates. As the district court concluded, such imprecise claims cannot be tested against the standards established by our precedents. They were properly dismissed.

Moreover, under a fair construction of the churches' position in the district court, they never asserted an intent to contribute to committees that supported candidates. They asserted quite the contrary. The churches consistently argued that they could not qualify as a direct-campaign-expenditure-only committee because they would make contributions to other political committees rather than just making direct campaign expenditures. Making contributions, though, is not the problem. For direct-campaign-expenditure-only committees, a problem under the Election Code arises when contributions are made to candidates or to committees that contribute to candidates. 1 TEX. ADMIN. CODE ANN. § 22.5. It was only in the churches' reply brief and at oral argument that they stated a desire to contribute to political committees that support candidates. This position was never presented to the district court. An issue not fairly presented to the district court is not preserved for appeal. *See Simon v. United States*, 891 F.2d 1154, 1158 (5th Cir. 1990).

The parties dispute whether the permanent injunction entered by the district court after our opinion in *Texans for Free Enterprise* covers Section 253.094(b). These arguments are inapposite. Regardless of the applicability of the injunction, the churches cannot show a credible threat of enforcement by

No. 14-20630

the Commission because of this court's precedents.  They clearly apply even if not reduced to an injunction.

Credible threats obviously include situations in which the statute has already been enforced against a plaintiff.  *See Hill v. City of Houston*, 789 F.2d 1103, 1107 (5th Cir. 1986).  We have held that a credible threat of enforcement also exists when an agency issued an advisory opinion on the relevant statute's meaning, intended enforcement, and recently enforced the statute against another party.  *See Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 660–61 (5th Cir. 2006).  The churches have not shown any similar actions by the Commission.  The churches instead rely on a case from 2012, predating *Texans for Free Enterprise*, where an El Paso mayor sued a church and its pastor for supporting recall efforts.  *Cook v. Tom Brown Ministries*, 385 S.W.3d 592 (Tex. App.—El Paso 2012, pet. denied).  Nothing in the Election Code allows the Commission to prevent private parties from bringing such lawsuits; indeed, the Election Code authorizes such suits.  TEX. ELEC. CODE ANN. § 273.081.  The possibility of private litigation does not constitute a credible threat of enforcement by the Commission.

The churches find the very existence of the statute to be a credible threat of its enforcement.  The churches are trying too hard to claim injury.  The Commission has consistently proclaimed that it will not enforce Section 253.094(b) to prohibit the churches' proposed activities because, as it must, it abides by our decisions on the constitutional application of the Election Code. "A judicial construction of a statute is an *authoritative* statement of what the statute meant before as well as after the decision of the case giving rise to that construction."  *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 312–13 (1994) (emphasis added).  Accordingly, our interpretation of the constitutional application of certain sections of the Election Code guides the Commission's enforcement of the Election Code as a whole.  The Commission affirms that it

8

No. 14-20630

does not enforce the Election Code provisions regulating corporate contributions, including Section 253.094(b), contrary to the limits expressed in *Texans for Free Enterprise* and *Catholic Leadership Coalition.* The churches cannot point to any action by the Commission that indicates otherwise. Thus, the churches cannot show a credible threat of enforcement on these facts.

II.    *Section 253.096*

The churches claim that if we enjoin Section 253.094(b) and declare it unconstitutional, Section 253.096 would then apply to their recall efforts and is also unconstitutional. Because the churches do not have standing to challenge Section 253.094(b), we do not reach this argument.

AFFIRMED.