# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40209
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2019

Lyle W. Cayce
Clerk

JUAN A. MORENO,

Plaintiff-Appellant

v.

ISAAC KWARTING; LISA KENDRA; ERICK ECHAVARRY; STEVEN STEGER; CAPTAIN S. PLACIDO; DONNA BRYANT; ASSISTANT WARDEN C. FURR,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CV-543

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges:

PER CURIAM:[*]

Juan A. Moreno, Texas prisoner # 1689833, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit on summary judgment and denial of his postjudgment motion to amend under Federal Rule of Civil Procedure 59(e). In his § 1983 action, Moreno alleged that defendants Isaac Kwarting, Erick Echavarry, and Dr. Steven Steger were deliberately indifferent to his serious

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40209

medical needs in violation of the Eighth Amendment.  Moreno has abandoned any other claims against these or other defendants by failing to brief them.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review the grant of a motion for summary judgment *de novo.  Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009).  Summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  We review "the denial of a Rule 59(e) motion only for abuse of discretion."  *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

"To establish a claim under § 1983," Moreno "must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  *Pratt v. Harris Cnty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016) (internal quotation marks and citation omitted).  The Constitution imposes on prison officials the duty to "take reasonable measures to guarantee the safety of the inmates."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted).  The Eighth Amendment prohibits the wanton and unnecessary infliction of pain.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A prison official must have a state of mind of at least "deliberate indifference" to inmate health or safety to support a claim against him.  *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991).  Mere negligence or medical malpractice is not enough.  *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

Moreno's medical records demonstrate that he received ample medical attention for his eye, back, and foot issues, including multiple visits to medical

personnel, pain medication, eye drops, diagnostic tests, and referrals to specialists. While he may disagree with some aspects of his treatment, "a prisoner's disagreement with his medical treatment" does not constitute deliberate indifference, "absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). To the extent that Moreno did not always receive care that was apparently recommended by medical providers, nothing in the record indicates that this was anything other than mere negligence or, at most, medical malpractice, which is insufficient to demonstrate deliberate indifference. *See id.*; *Stewart*, 174 F.3d at 534. As to the argument Moreno unsuccessfully raised in his Rule 59(e) motion — that he stated a state tort claim for medical negligence in his amended complaint, which the district court had supplemental jurisdiction over and which it failed to address before dismissing the case — his complaint did not actually raise such a claim.

Accordingly, the judgment of the district court is AFFIRMED. Moreno's motions to amend and for leave to file are DENIED.