# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2021

Lyle W. Cayce
Clerk

No. 20-10612

Adriano Kruel Budri,

*Plaintiff—Appellant*,

*versus*

FirstFleet, Incorporated, *a Nationwide Trucking Company*;
Daniel Matthew Humphreys, *Regional Supervisor*; Laurie
Brooks; David R. Beeny, *Vice President and Financial Officer*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-409

Before Wiener, Elrod, and Higginson, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:*

Plaintiff-Appellant Adriano Budri worked for less than a month as a commercial truck driver for Defendant-Appellee FirstFleet, Inc. After hiring Budri on January 25, 2017, FirstFleet terminated his employment on

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10612

February 21, 2017. Budri claims that he was fired because he refused to engage in illegal activities at FirstFleet's behest. He also claims that FirstFleet provided false and disparaging information about him to a reporting agency that collects and provides employee referrals for trucking companies. FirstFleet denies these claims and insists that it legitimately terminated Budri's employment.

This is not the first time this court has considered Budri's grievances against FirstFleet stemming from his brief employment and subsequent termination in early 2017. Recently, this court recounted the tangled procedural history between Budri and FirstFleet and described the vexatious and bad-faith litigation strategy that Budri has pursued against FirstFleet and the other individual defendants named here. *Budri v. Admin. Rev. Bd.*, --- F. App'x ----, No. 20-60574, 2021 WL 1726818, at *1-3, *5-8 (5th Cir. Apr. 30, 2021) (per curiam) [hereinafter "April 30 Decision"] (describing Budri's "complete lack of respect for the legal process"). In addition to denying his petition for review, the court issued a detailed order restricting Budri's ability to make future filings in this court. *Id.* at *9.

We do not retread that ground here. Instead, we provide a limited procedural history of the present appeal in order to orient our decision.

I

The present case relates to Budri's second complaint (of six) to the Department of Labor's Occupational Safety and Health Administration ("OSHA"). As described in the April 30 Decision:

> While his first complaint was pending before the ALJ, Budri filed a second OSHA complaint on January 23, 2018, which also was dismissed by OSHA and, on June 26, 2018, by ALJ Price. Initially, on March 25, 2019, the [Administrative Review Board (ARB)] affirmed the ALJ's dismissal of the complaint, concluding the claim was not timely filed within 180

No. 20-10612

days of Budri's discovery of the alleged violation, and thus, was untimely. Later, however, on July 30, 2019, the ARB vacated its March 25, 2019 decision for lack of jurisdiction, having discovered that Budri had timely filed suit in federal district court on February 19, 2019, that is, while the ARB appeal was pending. On October 29, 2019, the district court dismissed Budri's suit, and, on December 18, 2019, we dismissed his appeal for want of prosecution.

*Id.* at *2 (citations omitted); *see also Budri v. Admin. Rev. Bd.*, 825 F. App'x 178, 179-80 (5th Cir. 2020) (per curiam).

This appeal arises out of the federal district court suit filed on February 19, 2019. In his operative complaint, Budri asserts a variety of claims against FirstFleet and three FirstFleet employees, all flowing from the same general dispute relating to Budri's brief employment at FirstFleet.[1] The defendants moved to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). The magistrate judge recommended the motion be granted in full. On October 29, 2019, the district court adopted that recommendation, dismissing some claims without prejudice for lack of subject matter jurisdiction and the remainder of the claims with prejudice for failure to state a claim.

Two days later, on October 31, 2019, Budri filed a notice of appeal stating his intent to appeal the district court's order granting the defendants' motion to dismiss. That appeal was docketed in this court as Case No. 19-11203. Shortly thereafter, on November 7, 2019, this court ordered Budri to sign his notice of appeal, which he had not done upon submitting it to this

---

[1] Most prominently, Budri asserts claims under the Surface Transportation Assistance Act of 1982, 49 U.S.C. § 31105; the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-19; and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x.

court. On December 18, 2019, after Budri failed to comply with the court's order, the appeal was dismissed for want of prosecution. *Budri v. FirstFleet, Inc.*, No. 19-11203, 2019 WL 8645418, at *1 (5th Cir. Dec. 18, 2019). This was the dismissal noted by the court in the excerpt above. *Budri v. Admin. Rev. Bd.*, --- F. App'x ----, No. 20-60574, 2021 WL 1726818, at *2 & n.11 (5th Cir. Apr. 30, 2021).

Overlappingly, on November 13, 2019, Budri filed in the district court a motion pursuant to Federal Rule of Civil Procedure 59(e) seeking to alter or amend the district court's final judgment dismissing his case. On December 3, 2020, the district court denied the motion. That same day, Budri filed a new notice of appeal that described his intent to appeal the district court's order denying his Rule 59(e) motion. That appeal was docketed as Case No. 20-10612—the case now before us.

## II

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted). Accordingly, this court has held that a motion under Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (alteration in original) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). We thus review the denial of a

No. 20-10612

Rule 59(e) motion for reconsideration for abuse of discretion. *In re Life Partners Holding, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019).[2]

Neither in his motion for reconsideration before the district court nor in his briefing here has Budri identified a manifest error of law or fact, or newly discovered evidence, that demonstrates the district court abused its discretion in denying Budri the "extraordinary remedy" of amending its final judgment. *See Templet*, 367 F.3d at 479. Instead, as the district court explained in its thorough opinion denying Budri's motion for

---

[2] Budri's notice of appeal in this case refers only to the district court's order denying his Rule 59(e) motion for reconsideration; it does not mention the order granting the Defendants-Appellees' motion to dismiss, the resulting final judgment entered on October 29, 2019, nor his first notice of appeal. Although Budri's briefing to us appears to focus on the motion to dismiss, we lack jurisdiction to review that order as part of this appeal and thus limit our review to the district court's order denying Budri's Rule 59(e) motion for reconsideration. An appellant must "designate the judgment, order, or part thereof being appealed" in the notice of appeal. FED. R. APP. P. 3(c)(1)(B). That requirement is jurisdictional. *Gonzalez v. Thaler*, 565 U.S. 134, 147 (2012). In certain circumstances, where an appellant designates only a motion for reconsideration in his notice of appeal, we may still exercise jurisdiction to review the unspecified underlying order when, above all, the appellee "could fairly infer" that the appellant intended to appeal the underlying order. *See Wiener, Weiss & Madison v. Fox*, 971 F.3d 511, 514-16 (5th Cir. 2020).

For two reasons, however, we do not think it is appropriate to apply that "liberal construction," *id.* at 515, to Budri's notice of appeal in this case. First, Budri *did* file a separate notice of appeal that specifically designated the motion to dismiss order and the accompanying final judgment, and that appeal was docketed in this court as a separate case. *See Budri v. FirstFleet, Inc.*, No. 19-11203, 2019 WL 8645418, at *1 (5th Cir. Dec. 18, 2019). This demonstrates that Budri understood how to properly notice and appeal that specific ruling. Nevertheless, Budri failed to pursue that appeal and the case was dismissed. *Id.* Second, "[b]y focusing on notice, as opposed to strict construction of mechanical rules, we seek to discourage appellees' games of 'gotcha' while insisting on appellants' abidance with the spirit of the Federal Rules of Appellate Procedure." *Wiener*, 971 F.3d at 515 n.9. As discussed above and as exhaustively detailed by the court in the April 30 Decision, Budri has demonstrated no regard for the spirit of the Rules; we will thus not excuse his failure to adhere to their letter.

No. 20-10612

reconsideration, Budri sought to rehash the arguments and legal theories that he had already put forth in his myriad filings before the district court. He also sought to advance new arguments and claims that could have been previously offered. In short, Budri offered nothing that would justify a decision by the district court to reconsider its judgment. The district court thus did not err in denying Budri's Rule 59(e) motion for reconsideration.

AFFIRMED.[3]

---

[3] We reiterate that any future filings by Budri to this court must comply with the order set forth in our April 30 Decision. *See Budri v. Admin. Rev. Board*, --- F. App'x ----, No. 20-60574, 2021 WL 1726818, at *9 (5th Cir. Apr. 30, 2021).