# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-10429
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2024

Lyle W. Cayce
Clerk

Jeff Baoliang Zhang,

*Plaintiff—Appellant*,

*versus*

Jon Allen, *Director*; Kristine Crandall, *Director*; USCIS
Texas Service Center,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2904

———————————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Jeff Baoliang Zhang appeals the district court's dismissal of his civil rights complaint. In his pleadings, he asserted that the defendants violated his constitutional rights by denying his wife's immigration petition. The district court screened and dismissed his complaint pursuant to the

———————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). We review such dismissals *de novo*. *See Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016).

The district court correctly found that, because the defendants are a federal agency and federal employees, they are not subject to suit under 42 U.S.C. § 1983. *See Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005); *Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urb. Dev.*, 980 F.2d 1043, 1053 (5th Cir. 1993). The district court also correctly found that sovereign immunity bars any claim against the defendants in their official capacities. *See Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011). The district court declined to address Zhang's remaining state law claims, a decision that Zhang does not challenge on appeal. Thus, he has waived any state-law issues. *United States v. Whitfield*, 590 F.3d 325, 346 (5th Cir. 2009).

Zhang argues that the defendants are liable under the Federal Tort Claims Act and the Civil Rights Act of 1964. He did not raise either theory in his complaints, but he did raise his Civil Rights Act claim in his objections to the magistrate judge's report. We generally will not consider a new theory of relief raised for the first time on appeal. *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Similarly, issues raised for the first time in a Federal Rule of Civil Procedure 59(e) motion or in objections to a magistrate judge's report are not properly before the district court and are considered forfeited. *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Zhang has not shown that the district court abused its discretion by denying his Rule 59(e) motion. *See Advocare Int'l LP v. Horizon Lab'ys, Inc.*, 524 F.3d 679, 690-91 (5th Cir. 2008).

Finally, Zhang argues the defendants' failure to contest his claims means they have admitted their wrongdoing. He also argues the district court effectively became an "agent" for the defendants, creating alibis and

defenses for them.    Zhang misunderstands the screening function of Section 1915(e)(2)(B), which directs a district court to dismiss an *in forma pauperis* complaint at any time, even prior to service on the defendants, if it determines the action fails to state a claim upon which relief may be granted.

AFFIRMED.