# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2025

Lyle W. Cayce
Clerk

———————

No. 24-50838

———————

Rudy Castaneda,

*Plaintiff—Appellant*,

*versus*

Southwest Key Programs, Incorporated, *a Texas Corporation*,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:23-CV-1218

_____

Before Wiener, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Rudy Castaneda sued Defendant-Appellee Southwest Key Programs (Southwest Key) for age-discrimination and retaliation in hiring. The district court dismissed his case for failure to state a plausible claim. We AFFIRM.

Castaneda connected with Southwest Key Programs through a third-party recruiter and discussed potential employment with various members of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Southwest Key from 2018 to 2023. These communications took place in writing, telephonically, and via internet—Castaneda never met anyone from Southwest Key in person. Castaneda alleges that he applied for many jobs with Southwest Key but was never hired.

Castaneda filed an EEOC charge of discrimination against Southwest Key and received a right-to-sue letter. He subsequently filed an *in forma pauperis* (IFP) application and proposed complaint in the Western District of Texas against Southwest Key, alleging age-discrimination and retaliation. The magistrate judge granted Castaneda's IFP application but ordered him to file a more definite statement as to why the case should not be dismissed under 28 U.S.C. § 1915(e). Castaneda complied, and the magistrate judge allowed him to proceed on his age-discrimination claim.

Southwest Key filed a motion to dismiss, arguing that Castaneda failed to state a claim of age-discrimination or retaliation. The district court granted the motion due to Castaneda's failure to plead sufficient factual allegations and dismissed the case with prejudice. Castaneda filed a Rule 59(e) motion to amend the judgment, which was denied. This appeal followed.

We construe Castaneda's pro se filings liberally. *Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023). Castaneda states that "[t]his Appeal is based on several violations of District Court and Local Rules on the standing orders [and] the 300-day filing requirement." Both arguments fail.

Castaneda's argument regarding Southwest Key's alleged failure to follow the district judge's standing order is forfeited, as it was first raised in his Rule 59(e) motion. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) ("Motions . . . to alter or amend a judgment . . . cannot be used to raise arguments which could, and should, have been made before the judgment

issued.") (quotation omitted). And his argument about the EEOC's 300-day deadline for filing a charge of discrimination is irrelevant, as the district court did not rely on the deadline when dismissing the case.

Castaneda also seems to challenge the ruling that he failed to state a claim for age-discrimination or retaliation. On de novo review, we agree with the district court. *Ricks v. Khan*, 135 F.4th 296, 300 (5th Cir. 2025). A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Castaneda fails to allege any facts that Southwest Key discriminated against him because of his age—or even knew his age. And he fails to allege any facts that Southwest Key retaliated against him because of a protected activity—or even identify what protected activity he engaged in. Castaneda, despite his multiple attempts, has failed to string together specific facts from which we can infer discrimination or retaliation by Southwest Key.

Castaneda briefly mentions that a pro se case should not be dismissed without the opportunity to amend. But a court may dismiss a pro se complaint when it is clear that the plaintiff has pleaded his best case. *Ricks*, 135 F.4th at 300–01. Plaintiff has filed multiple unsuccessful lawsuits on these allegations. *See Castaneda v. Maxim Healthcare Servs.*, 2021 WL 12135458 (W.D. Tex. 2021); *Castaneda v. Maxim Healthcare Servs.*, 2024 WL 1747650 (W.D. Tex. 2024). Here, he had the opportunity to provide a more definite statement, failed to do so, and did not otherwise ask to amend. We see no abuse of discretion in the district court's dismissal with prejudice. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam).

For these reasons, we AFFIRM.