United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 28, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

06-40989
Summary Calendar

———————

LORA M. BAKI,

                                        Plaintiff-Appellee,

                    v.

BIGELOW MANAGEMENT, INC.; BUDGET SUITES OF AMERICA; BIGELOW
COLORADO LIMITED LIABILITY COMPANY BUDGET SUITES OF AMERICA,
INC., doing business as Budget Suites of America

                                        Defendants-Appellants.

———————————————————————

Appeal from the United States District Court for the
Eastern District of Texas, Sherman
4:04-CV-178

———————————————————————

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Lora Baki was employed as a customer service representative by

the defendants (hereinafter referred to collectively as "Bigelow")

for about three months.    In her letter of resignation, she

complained that she had been the victim of sexual harassment by one

co-worker and one customer.    Bigelow investigated and found her

———————

        [*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

claims meritless. Ms. Baki filed suit in district court alleging, *inter alia*, sexual harassment and constructive discharge. The jury returned a verdict in her favor and awarded her damages in the amount of $10,820.

On appeal, Bigelow raises only one issue. It argues that the district court abused its discretion by excluding the testimony of one witness, Howard Cooper, and that this exclusion substantially prejudiced Bigelow's defense. Ms. Baki, who was married during the events giving rise to this litigation, had been having an extramarital affair with Mr. Cooper. The defense wanted to introduce his testimony to rebut Ms. Baki's account of her mental anguish. Bigelow intended to show that, during the time when she claimed to be enduring harassment at work, she continued to see Mr. Cooper on a regular schedule, without interruption, and demonstrated no signs of anguish. Bigelow also believed Mr. Cooper could testify as to other stressors in Ms. Baki's life that might have contributed to her suffering, apart from the harassment at work. Finally, Bigelow argued that Mr. Cooper's testimony would point out certain inaccuracies and inconsistencies in Ms. Baki's testimony, which would negatively impact her credibility.

Ms. Baki moved to strike Mr. Cooper's live testimony. After hearing argument on the matter, the district judge concluded that the defense could introduce the evidence it needed through its other witnesses, particularly the various doctors they intended to

2

call at trial.  The judge found that these defense witnesses could testify to the other stressors in Ms. Baki's life and to consistent patterns in her behavior, including the affair.  The judge felt, however, that for Mr. Cooper to take the stand and testify to the affair and other matters would be "unfairly prejudicial" to the plaintiff.  The court issued a written order specifically allowing the other defense witnesses to testify about the plaintiff's affair with Cooper and how that might have impacted Baki's mental state, but stated that Cooper himself would not be allowed to take the stand.

We review a district court's evidentiary rulings for abuse of discretion.  *E.E.O.C. v. Manville Sales Corp.*, 27 F.3d 1089, 1092–93 (5th Cir. 1994) (citations omitted).  We will not reverse unless the district court's ruling results in substantial prejudice to the complaining party.  *Id.* at 1093.

It seems clear to us that the district court considered this issue at length and was well within its discretion to strike Mr. Cooper's live testimony.  However, even if we were to agree with the defendant that Cooper's testimony should have been allowed, the error was clearly harmless.  The jurors were presented with ample evidence of everything to which Cooper would have testified.  They heard from multiple witnesses about the other stressors in Ms. Baki's life and the degree to which her normal routine was or was not interrupted.  They even heard evidence of the extramarital

affair itself. In short, Mr. Cooper could not have told the jury anything substantive that they did not already know. We are also unimpressed by the defense's argument that Cooper would have undermined Ms. Baki's credibility by pointing out inconsistencies in her version of events. The purported inconsistencies are speculative at best, because the issues on which he might have contradicted her, such as the details of their relationship, did not and likely would not have come up at trial. Moreover, if the inconsistencies did exist, they were quite minor and had no bearing on the basis of the lawsuit. We are satisfied, therefore, that even if it was error to exclude Cooper's testimony, it surely "did not influence the jury or had but a very slight effect on its verdict." *Haun v. Ideal Industries, Inc.*, 81 F.3d 541, 547 (5th Cir. 1996) (internal quotations omitted). We see no reason to overturn the jury's verdict or damage award based on these speculative or insubstantial arguments. Any error was harmless.

For the reasons stated, the district court's ruling is AFFIRMED.

4