# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2023

Lyle W. Cayce
Clerk

No. 22-30153

Wayland Collins; Alvin Polk,

*Plaintiffs—Appellants*,

*versus*

Mark Ingle; John C. Benton, *doing business as* Q & M Motor
Transports,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-7465

Before Jolly, Haynes, and Graves, *Circuit Judges*.

Per Curiam:*

Wayland Collins and Alvin Polk (hereinafter, "Plaintiffs") were allegedly side-swiped by an 18-wheeler while driving on a highway in Louisiana. Relevant here, they subsequently sued the driver, Mark Ingle, and his employer, John C. Benton, d/b/a Q & M Motor Transports (hereinafter, "Defendants"), for negligence. The parties filed several pretrial and

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30153

evidentiary motions, which the district court largely denied. A jury trial followed resulting in a verdict for Plaintiffs. Nevertheless, Plaintiffs filed several post-trial motions, which the district court also denied. Plaintiffs then timely appealed claiming the district court committed reversible errors in its pretrial, evidentiary, and post-trial rulings. For the reasons set forth below, we AFFIRM.

## I. Facts

In August 2017, Plaintiffs were driving on Interstate 10, near the I-510 southbound merge, in Louisiana—an area in close proximity to a stretch of highway where a number of car accidents were staged or intentionally caused by drivers—when their vehicle was struck by an 18-wheeler that attempted to merge into their lane. Shortly thereafter, Collins's wife,[1] who was also in the car, was escorted to the hospital by an ambulance because she was several months pregnant. Around the same time, the police arrived on scene and took statements from Plaintiffs and Ingle. Ingle stated that he thought the car in the right-hand lane was speeding when he attempted to merge, but the officer ultimately issued him a traffic citation. Plaintiffs both told the officer they were not injured nor needed medical attention. Thereafter, however, Plaintiffs received medical care.[2]

Plaintiffs subsequently sued Defendants for negligence arising from the car accident. Defendants answered the complaint, asserting an affirmative defense that Plaintiffs staged or intentionally caused the car accident. Thereafter, protracted litigation ensued. As relevant here,

---

[1] Collins's wife's claims were resolved prior to trial. Therefore, she is not a party to this appeal.

[2] The evidence in the case demonstrated that both Plaintiffs were previously involved in car accidents and suffered injuries to their necks and/or lower backs.

No. 22-30153

Plaintiffs asserted a *Daubert*[3] challenge against Defendants' expert, Louis Fey, who sought to testify about certain indicia—what he called "red flags"—of an intentionally caused or staged car accident that were present in the case, including the similarities to other suspicious car accidents in the area. Plaintiffs also moved to strike Defendants' affirmative defense on the ground that it was the functional equivalent of fraud and thus subject to Federal Rule of Civil Procedure 9(b)'s particularity requirement. The district court denied both motions. Defendants, on the other hand, filed a motion in limine to exclude admission of Ingle's traffic citation and purported corresponding guilty plea, which the district court granted, precluding admission for any purpose.

At trial, several experts were called to the stand, including Defendants' expert, Dr. Baratta, who testified that the sheet metal pulled backwards on Plaintiffs' car indicated that it "was traveling faster than the tractor trailer when" the accident occurred. Before the case was submitted to the jury, Plaintiffs moved for judgment as a matter of law seeking dismissal of Defendants' affirmative defense, which the district court denied. Ultimately, the jury returned a verdict for Plaintiffs finding that: (1) Ingle was a fifty percent cause of the accident; (2) Plaintiffs' injuries were caused by the accident; and (3) Collins, but not Polk, was a fifty percent cause of the accident. The jury awarded Plaintiffs damages for future, but not past, medical expenses and disability. The district court then entered judgment in favor of Plaintiffs and reduced their respective damages awards according to the finding of comparative fault.

---

[3] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

Plaintiffs subsequently filed a renewed motion for judgment as a matter of law[4] and a motion for a new trial claiming the jury's award of future but not past medical expenses arising from the same injury was internally inconsistent under Louisiana law. They also filed a motion to alter or amend the judgment claiming there was no evidence to support the finding of comparative fault. The district court denied the motions. Plaintiffs timely appealed.

## II.     Jurisdiction & Standard of Review

The district court had jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291. *See Meadaa v. K.A.P. Enters., L.L.C.*, 756 F.3d 875, 879 (5th Cir. 2014) (explaining "all interlocutory orders of the district court leading up to the judgment merge into the final judgment and become appealable at that time" (quotation omitted)).

We generally review interlocutory orders—such as evidentiary rulings, the admission of expert testimony, and denials of motions to strike pursuant to Rule 12(f)—for an abuse of discretion. *See Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 615 (5th Cir. 2018) (citations omitted); *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007) (citation omitted). Even when the district court abuses its discretion, we will not reverse unless the error affected the "substantial rights" of the party. *E.E.O.C. v. Manville Sales Corp.*, 27 F.3d 1089, 1094 (5th Cir. 1994) (quotation omitted).

Similarly, we review motions for a new trial and to alter or amend the judgment for an abuse of discretion. *McCaig v. Wells Fargo Bank (Tex.), N.A.*,

---

[4] Plaintiffs refer to this motion as a "motion for judgment notwithstanding the verdict," but it is now properly referred to as a renewed motion for judgment as a matter of law pursuant to Rule 50(b). *See* FED. R. CIV. P. 50.

788 F.3d 463, 472 (5th Cir. 2015) (citation omitted); *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419 (5th Cir. 2010) (citation omitted). We review motions for judgment as a matter of law and such renewed motions, however, de novo. *Nobach v. Woodland Vill. Nursing Ctr., Inc.*, 799 F.3d 374, 377 (5th Cir. 2015) (citation omitted).

## III.     Discussion

Plaintiffs appeal several of the district court's pretrial, evidentiary, and post-trial rulings claiming they constitute reversible error.

### A. Pretrial and Evidentiary Rulings

Plaintiffs challenge three pre-trial and evidentiary rulings on appeal. First, they challenge the district court's ruling that the traffic citation and the purported corresponding guilty plea could not be used for any evidentiary purpose at trial. Second, Plaintiffs contend the district court erred by denying their motion to strike Defendants' affirmative defense. Third, they argue the district court committed a series of errors by admitting Fey's testimony about the "red flags" or indicia of an intentionally caused or staged car accident.

Plaintiffs carry the burden of showing reversible error on each of these rulings. *Williams*, 898 F.3d at 615 ("The party asserting the error has the burden of proving that the error was prejudicial." (quotation omitted)). For the district court's alleged errors to be harmful, we must be convinced, "after reviewing the entire record, that the error did not influence the jury or had but a very slight effect on its verdict." *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 776 (5th Cir. 2009) (quotation omitted).

Even assuming arguendo that the district court erred in ruling on these motions, Plaintiffs have failed to show that any error was prejudicial. Starting with the exclusion of the traffic citation and purported guilty plea, Plaintiffs

contend the district court's ruling was harmful error because it, in effect, prevented them from discrediting Ingle at trial. Notably, though, Plaintiffs do not sufficiently explain how this would have impacted the verdict or influenced the jury, and much of what they wanted to address was already addressed (for example, Ingle's failure to undergo and his employer's failure to administer a post-accident drug and alcohol test was raised at trial). In any event, the jury found for Plaintiffs by concluding Ingle was a cause of the accident, meaning this alleged error would have had only a very slight effect on the verdict, if at all. Any such error then is harmless. *See Baki v. Bigelow Mgmt., Inc.*, 220 F. App'x 302, 304 (5th Cir. 2007) (per curiam) (concluding the exclusion of a witness was harmless because he would have merely reiterated substantive testimony already in the record). Additionally, the jury's verdict also refutes the argument that there was harmful error from the alleged failure to dismiss the affirmative defense.

We reach the same conclusion with respect to the court's denial of the motion to strike and admission of Fey's testimony. Plaintiffs contend these alleged errors were harmful because they caused the jury to assign fifty percent fault to Collins for the accident when there was no evidence to substantiate this finding. The record belies this contention. Defendants presented evidence, independent from Fey's testimony, suggesting Collins was equally as negligent as Ingle. For example, Defendants' expert, Dr. Baratta, testified that "the [Plaintiffs' car] was traveling faster than the tractor trailer when" the car accident occurred. As such, there was independent evidence from which the jury could conclude Collins contributed to, but did not intentionally cause, the accident. This demonstrates a lack of harmful error.[5] *See Pregeant v. Pan Am. World Airways,*

---

[5] Plaintiffs argue a question sent by the jury during deliberation about other staged car accidents shows that the jury was adversely impacted by Fey's testimony. But the

*Inc.*, 762 F.2d 1245, 1249 (5th Cir. 1985) (concluding the erroneous admission of evidence was harmless because the verdict was otherwise supported).

In sum, none of Plaintiffs' contentions of error in the pretrial and evidentiary rulings constitute grounds for reversal.

## B. Post-Trial Motions

Plaintiffs' challenges to the rulings on their post-trial motions fare no better. They contend the district court erred in denying their renewed motion for judgment as a matter of law pursuant to Rule 50(b) and motion for a new trial pursuant to Rule 59(a) because, under Louisiana law, it is internally inconsistent for the jury to award future but not past medical expenses arising from the same injury.[6] Similarly, according to Plaintiffs, the district court erred in denying their motion to alter or amend the judgment under Rule 59(e) because there was no evidence supporting a finding of comparative fault. We, again, disagree.

Starting with the renewed motion for judgment as a matter of law, we conclude Plaintiffs failed to properly raise this argument on appeal. Plaintiffs' opening brief merely alludes to this argument by citing Rule 50(b), but there is neither developed discussion nor any discernable argument with relevant citations on this issue. As such, it is not before us. *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (concluding argument was not properly before the court because party only "mention[ed] or allude[d] to a legal theory" and failed to adequately "press its claims" (quotation

---

verdict suggests otherwise because it reflects the jury's finding that an accident occurred, and that it was at least partially caused by Ingle.

[6] While this concept may be true in some cases, the evidence in this case established Plaintiffs suffered soft tissue injuries that warranted future medical treatment but that their past medical expenses were not caused by this accident.

omitted)). In any event, even if this argument had been properly briefed, we lack the power to address it because Plaintiffs failed to move for judgment as a matter of law on the issue of damages at trial; i.e., they failed to claim that the jury *must* award past medical expenses in this case. *See OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 680 (5th Cir. 2016) (concluding it lacked the power on appeal to address an argument raised for the first time in the Rule 50(b) motion).

As for Plaintiffs' argument that the district court erred in denying their motion for a new trial, we conclude they have failed to show there is "an absolute absence of evidence to support the jury's verdict." *McCaig*, 788 F.3d at 472 (quotation omitted). Therefore, the district court did not abuse its discretion in denying the motion.

Similarly, we decline to address Plaintiffs' argument on the motion to alter or amend the judgment. It merely reiterates the argument raised in their harmful error analysis—that there was no evidence to support comparative fault—which we already addressed above and rejected. *See Youmans v. Simon*, 791 F.2d 341, 349 (5th Cir. 1986) (citation omitted).

## IV.    Conclusion

For the reasons discussed above, we AFFIRM the district court's pretrial and evidentiary rulings and denials of Plaintiffs' post-trial motions.